CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 13 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:04CR00083-003 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WILLIAM HENRY RECTOR, JR., | ) | |
| | ) | |
| Defendant, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging the defendant in Count One with knowingly conspiring to distribute, and to possess with intent to distribute, 50 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; in Count Eight, with knowingly and intentionally distributing and possessing with the intent to distribute a quantity of a mixture containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); in Count Nine, with knowingly and intentionally distributing and possessing with the intent to distribute a quantity of a mixture containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and in Count Ten with knowingly and intentionally distributing and possessing with the intent to distribute a quantity of a substance containing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). The Grand Jury also returned a forfeiture allegation, in Count Eleven, that requires the defendant to forfeit any property derived from

any proceeds of the violations and any property used to commit such violations. On April 22, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One, Eight, Nine, and Ten of the Indictment pursuant to a plea agreement between defendant and the government. In addition, the defendant plead guilty to the charge that he had violated the terms and conditions of his supervised release.

At this hearing the defendant was placed under oath and testified that his full legal name is William Henry Rector, Jr., that he was born on September 16, 1976, and that he completed the ninth grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he was subject to no physical or mental conditions that would impair his ability to understand the nature of the proceedings being held, the nature of the charges against him or the consequences of pleading guilty to those charges. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and

that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the indictment, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Count One, life imprisonment and a $4 million fine, together with supervised release; in the case of Counts Eight and Nine, twenty years imprisonment and a $1 million fine, together with supervised release; and in the case of Count Ten, five years imprisonment and a $250,000 fine, together with supervised release. The defendant also testified that he understood the forfeiture count of the indictment and that he consented to the forfeiture of any firearms or contraband seized by any law enforcement agency from his possession.

The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines

are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) if his offense level is 16 or greater. The defendant also stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant further stated that he understood that the government is free to recommend to the court what sentence he should receive, but that the court would not be bound by the government's recommendation. The defendant testified that he understood that he would be held responsible for more than 500 grams, but less than 1.5 kilograms of crack cocaine, but that the court would not bound by that stipulation at sentencing. In addition, the defendant's plea agreement states

that he will argue that he should be given a two-level reduction for playing a "minor" role in the offenses, and that the government will not take a position on this matter. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at that trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elected to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Counts One, Eight, Nine, and Ten of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The government submitted in open court a factual summary of its evidence against the

-5-

Case 3:04-cr-00083-NKM   Document 92   Filed 05/13/05   Page 5 of 8   Pageid#: 155

defendant. The defendant accepted this summary of evidence in its entirety. The evidence presented in the factual summary regarding the offenses charged is as follows:

Regarding Counts Eight, Nine, and Ten, police approached the defendant's residence to request consent from the defendant to search his home, based on information that he was involved in the drug trade. As the police approached, the defendant fled out the back door, dropping a bag that contained approximately three grams of crack cocaine, sixteen grams of powder cocaine, and sixteen grams of marijuana. At the time the defendant was found with the bag of drugs, he was on supervised release. This offense constitutes the primary violation of the defendant's supervised release, for which he is pleading guilty.

Regarding Count One, Bryant Banks, a co-defendant, would have testified that on September 5, 2004, he sold 62 grams of crack cocaine to the defendant. On another occasion, Banks observed Rector sell four ounces of crack cocaine. Banks would have testified that on three occasions, he and the defendant traveled to Front Royal, Virginia, to buy crack cocaine from Richard Shirley. During each of these three occasions, Rector bought 62 grams of crack cocaine from Banks. Jonathan Bennett would have testified, that as part of this conspiracy, he received anywhere from one half to three quarters of a kilogram of crack cocaine from Bryant Banks and that he in turn sold that crack cocaine. All of the events covered in these counts occurred in the Western District of Virginia.

**PROPOSED FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One, Eight, Nine, and Ten of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Counts One, Eight, Nine, and Ten of the Indictment and adjudge him guilty of those offenses. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. The scheduling clerk of the presiding District Judge will contact both parties to schedule a sentencing hearing.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or

-7-

Case 3:04-cr-00083-NKM   Document 92   Filed 05/13/05   Page 7 of 8   Pageid#: 157

recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

May 13, 2005
Date